Nash, J.
The courts below held that Hillhouse had a right of action against J. SJ. Loren & Co. upon the 2d day of August, 1877, when for a valuable consideration and without recourse they assigned the note to J. M. Montgomery. The majority of this court approve of the conclusion reached by the common pleas and district courts.
. At the time J. M. Loren & Co. agreed with Hillhouse to receive the note and to pay him one hundred and fifty dollars, when it should be collected, they became the trustees of Hillhouse for the collection of the note and for the payment of the proceeds to him to the extent of one hundred and fifty dollars. As soon as they, for a valuable consideration, assigned the note to Montgomery, without recourse, they lost all control over it and placed it beyond their power to execute their part of the trust, to wit: to pay to Hillhouse the amount named out of the proceeds when collected. From the moment they parted with the power to perform their part of the trust thejr were liable. To hold otherwise might be a great hardship in a case that can easily be supposed. •
B. has A’s note for $5,000, due in one year. B. assigns, the note to C. upon the payment of $2,500, and C’s agreement that he will pay the remaining $2,500 when the note is collected. C. assigns the note. to D. and receives the full amount, $5,000, therefor. D. concludes that the note is a good investment, and arranges with A. that it shall not be paid when due, but extends the payment thereof for five years thereafter. If the theory of the plaintiff in error be true, B. will be kept out of the use of his $2,500, for five years, and C. will enjoy the use of twenty-five hundred dollars, which do not belong to him, for the same period.
*305 In the absence of an averment to the contrary it is reasonable to suppose that when J. M. Loren & Co. assigned the note to Montgomery they received full value, $700, therefor. If this is so they have been paid in full for the piano, the $100 advanced has been returned, and they have one hundred and fifty dollars which do not belong to them. It would not be just to hold that they had a right to use and enjoy this money until the assignees of the note saw fit to collect it.

Judgment affirmed.